UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| LOWELL SHADE, JR., | ) |
|              Plaintiff, | ) Case No.: 2:16-cv-00872-GMN-VCF |
| vs. | ) |
| | ) **ORDER** |
| LAS VEGAS METROPOLITAN POLICE DEPARTMENT, et al., | ) |
|              Defendants. | ) |

Pending before the Court is the Motion to Dismiss, (ECF No. 13), filed by Defendants Las Vegas Metropolitan Police Department ("LVMPD") and Officers Anthony Ash, Jonathan Smith, John Collins, Jerrod Grimmett, Sgt. McGrath, and David Dockendorf ("Officer Defendants") (collectively "Defendants"). Plaintiff Lowell Shade, Jr. ("Plaintiff") filed a response, (ECF No. 16), and Defendants filed a reply, (ECF No. 17). For the reasons discussed herein, Defendants' Motion to Dismiss is **GRANTED in part and DENIED in part.**

I.     <u>**BACKGROUND**</u>

This case arises out of an alleged unlawful search and seizure involving marijuana plants at Plaintiff's residence. At the time of the incident, Plaintiff was a minor living with his parents. (*See* Compl ¶¶ 1, 22, ECF No. 1).

Plaintiff alleges that on March 19, 2011, Defendants illegally entered and searched Plaintiff's home under the pretext of conducting a "premises freeze." (*Id.* ¶ 21). Plaintiff claims this search occurred "without consent, exigent circumstances, or a warrant . . . ." (*Id.* ¶ 11). Using information obtained in this search, Plaintiff alleges that Defendant Grimmett acquired a search warrant from Justice of the Peace Melanie Tobiasson. (*Id.*).

In acquiring this warrant, Plaintiff asserts that "Defendant Grimmett deliberately omitted exculpatory information from [the] search warrant to mislead the magistrate." (*Id.* ¶ 12). Specifically, Plaintiff alleges that Defendant Grimmett: (1) omitted that Defendant Ash lied to Plaintiff's parents to gain entry into the residence; and (2) omitted that Plaintiff's parents had a "physician's exemption to grow an excess number of medical marijuana plants." (*Id.* ¶¶ 12, 13). Plaintiff further alleges that "Defendant Grimmett falsely stated that [Plaintiff's parents'] cultivation of medical marijuana plants was 'in excess of the Nevada law.'" (*Id.* ¶ 13). Absent these misrepresentations, Plaintiff alleges that Defendants "lacked probable cause to believe a crime had been committed." (*Id.* ¶ 14).

After obtaining the warrant, Plaintiff alleges that Defendants "illegally searched Plaintiff's residence in violation of [his] Fourth Amendment Rights." (*Id.* ¶ 23). During this search, Plaintiff claims he was "held inside the residence by the Defendants. . . while the Defendants displayed their firearms and weapons." (*Id.* ¶ 24). According to Plaintiff, Defendants "maliciously executed the illegal search warrant because LVMPD has *de facto* policies to ignore Nevada's medical marijuana statutes and violate the constitutional rights of medical marijuana patients and their family members." (*Id.* ¶ 15).

On April 15, 2016, Plaintiff filed his Complaint before this Court, alleging two causes of action: (1) Unlawful search and seizure in violation of 42 U.S.C. § 1983 and the Fourth Amendment; and (2) *Monell* violation under 42 U.S.C. § 1983. (*Id.* ¶¶ 20–35). On May 27, 2016, Defendants filed the instant Motion seeking dismissal on both of Plaintiff's claims. (Mot. to Dismiss, ECF No. 13).[1]

---

[1] Defendants request that the Court take judicial notice of two court documents that show the search warrant and supporting declaration referenced in the Complaint. (Def.'s Request, ECF No. 14); *see also United States v. Wilson*, 631 F.2d 118, 119 (9th Cir. 1980) (stating that a court may take judicial notice of court records in another case). Plaintiff does not contest the accuracy of these documents. Accordingly, the Court takes judicial notice.

## II. LEGAL STANDARD

Rule 12(b)(6) of the Federal Rules of Civil Procedure mandates that a court dismiss a cause of action that fails to state a claim upon which relief can be granted. *See North Star Int'l v. Ariz. Corp. Comm'n*, 720 F.2d 578, 581 (9th Cir. 1983).  When considering a motion to dismiss under Rule 12(b)(6) for failure to state a claim, dismissal is appropriate only when the complaint does not give the defendant fair notice of a legally cognizable claim and the grounds on which it rests. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  In considering whether the complaint is sufficient to state a claim, the Court will take all material allegations as true and construe them in the light most favorable to the plaintiff. *See NL Indus., Inc. v. Kaplan*, 792 F.2d 896, 898 (9th Cir. 1986).

The Court, however, is not required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences. *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).  A formulaic recitation of a cause of action with conclusory allegations is not sufficient; a plaintiff must plead facts showing that a violation is *plausible*, not just possible. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555) (emphasis added).  In order to survive a motion to dismiss, a complaint must allege "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.*  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*.

"Generally, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion . . . . However, material which is properly submitted as part of the complaint may be considered on a motion to dismiss." *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990) (citations omitted).  Similarly, "documents whose contents are alleged in a complaint and whose authenticity no party

questions, but which are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6) motion to dismiss" without converting the motion to dismiss into a motion for summary judgment. *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994). Under Federal Rule of Evidence 201, a court may take judicial notice of "matters of public record." *Mack v. S. Bay Beer Distrib.*, 798 F.2d 1279, 1282 (9th Cir. 1986). Otherwise, if the district court considers materials outside of the pleadings, the motion to dismiss is converted into a motion for summary judgment. *See* Fed. R. Civ. P. 12(d); *Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 925 (9th Cir. 2001).

If the court grants a motion to dismiss, it must then decide whether to grant leave to amend. Pursuant to Rule 15(a), the court should "freely" give leave to amend "when justice so requires," and in the absence of a reason such as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1962). Generally, leave to amend is only denied when it is clear that the deficiencies of the complaint cannot be cured by amendment. *See DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992).

### III. DISCUSSION

**1. Unlawful Search and Seizure in Violation of 42 U.S.C. § 1983**

To sustain an action under section 1983, a plaintiff must show: (1) that the conduct complained of was committed by a person acting under color of state law; and (2) that the conduct deprived the plaintiff of a federal constitutional or statutory right." *Wood v. Ostrander*, 879 F.2d 583, 587 (9th Cir. 1989). In the Complaint, Plaintiff appears to advance four separate theories to support his claim for unlawful search and seizure. These include: (1) illegal entry under a false pretext; (2) judicial deception to obtain an invalid warrant; (3) illegal search of

Plaintiff's residence; and (4) illegal seizure of Plaintiff's person.  The Court addresses the sufficiency of each theory in turn.

### a) Illegal Entry Under a False Pretext

Plaintiff alleges that Defendants "made unlawful entry into Plaintiff's residence without consent, exigent circumstances, or a warrant," and such entry occurred "under the pretext of conducting a premises freeze."  (Compl. ¶¶ 11, 21).  Additionally, Plaintiff alleges that "Defendant Ash lied to the Plaintiff's parents in a ruse to gain entry into the residence." (*Id.* ¶ 12).

The Fourth Amendment bars only those searches and seizures that are unreasonable. *Skinner v. Railway Labor Executives' Assn.*, 489 U.S. 602, 613 (1989).  In general, the search of a house or office is not reasonable without a warrant issued on probable cause. *Maryland v. Buie*, 494 U.S. 325, 331 (1990).  However, there are certain circumstances where the public interest is such that a warrant is not required. *Id.*  For instance, police may enter a home without a warrant where they possess probable cause and exigent circumstances exist. *Murdock v. Stout*, 54 F.3d 1437, 1440 (9th Cir. 1995).  Exigent circumstances include "those circumstances that would cause a reasonable person to believe that entry . . . was necessary to prevent physical harm to the officers or other persons, the destruction of evidence, the escape of the suspect, or some other consequence improperly frustrating legitimate law enforcement efforts." *Id.* at 1441 (quoting *United States v. Lai*, 944 F.2d 1434, 1442 (9th Cir. 1991)).

Plaintiff's factual allegations do not support a finding that Defendants' entry of his residence was illegal.  As noted above, conclusory, unwarranted deductions of fact, or unreasonable inferences are insufficient to state a claim. *See Sprewell*, 266 F.3d at 988.  Here, the Complaint provides no factual context to Defendants' entry beyond the conclusory statements that it was "illegal" and without "exigent circumstances."  While Plaintiff does

allege that the search occurred "under the pretext of conducting a premises freeze," this alone does not plausibly establish that the underlying justification for the search was illegal.

Plaintiff's allegations that Defendant Ash used a "ruse" to gain entry are similarly insufficient. In the Fourth Amendment context, a "ruse" only becomes a search if it intrudes on a person's reasonable, subjective expectation of privacy. *United States v. Garcia*, 997 F.2d 1273 (9th Cir. 1993). Here, the Complaint does not allege any facts related to whether the "ruse" falls into this category. Furthermore, by not providing any context as to the actions that constituted the "ruse," the Complaint also fails to provide Defendants fair notice of the grounds for the claim. *Twombly*, 550 U.S. at 555. Accordingly, the Complaint fails to plausibly allege an illegal entry claim in violation of Plaintiff's constitutional rights.

### b) Judicial Deception to Obtain an Invalid Warrant

Plaintiff alleges that "[t]he fact that [his] parents were lawful medical marijuana patients, in possession of a physician's exemption, demonstrated the absence of any illegal activity, or mere suspicion of illegal activity, at the Plaintiff's residence to support the issuance of a search warrant." (Compl. ¶ 17). Specifically, Plaintiff asserts that "Defendant Grimmett obtained an invalid search warrant by deliberately omitting the facts that Plaintiff's parents had been granted a physician's exemption to grow an excess number of medical marijuana plants . . . [and] falsely stated that Plaintiff's parent's cultivation of medical marijuana was 'in excess of Nevada law.'" (*Id.* ¶ 22).

The Fourth Amendment prohibits a search conducted pursuant to "an ill-begotten or otherwise invalid warrant." *Bravo v. City of Santa Maria*, 665 F.3d 1076, 1083 (9th Cir. 2011). To establish a judicial deception claim under § 1983, a plaintiff must "(1) establish that the warrant affidavit contained misrepresentations or omissions material to the finding of probable cause, and (2) make a 'substantial showing' that the misrepresentations or omissions were made intentionally or with reckless disregard for the truth." *Id.* at 1083. The "materiality"

element in a judicial deception claim is a question of law for the court. *See Butler v. Elle*, 281 F.3d 1014, 1024 (9th Cir. 2002).

At issue here is whether the allegedly omitted and misrepresented facts were material to the finding of probable cause. The relevant Nevada marijuana law states:

> 1. Except as otherwise provided in this section and NRS 453A.300, a person who holds a valid registry identification card issued for the person pursuant to NRS 453A.220 or 453A.250 is exempt from state prosecution for . . . (a) possession, delivery or production of marijuana.
>
> *****
>
> 4. If the persons described in subsection 3 possess, deliver or produce marijuana in an amount which exceeds the amount described in paragraph (b) of that subsection, those persons:
>
> **(a) Are not exempt from state prosecution** for possession, delivery or production of marijuana.
>
> **(b) May establish an affirmative defense to charges of possession, delivery, or production of marijuana . . . in the manner set forth in NRS 453A.310.**

Nev. Rev. Stat. Ann § 453A.200 (2011) (emphasis added).

> 1. Except as otherwise provided in this section and NRS 453A.300, **it is an affirmative defense** to a criminal charge of possession, delivery or production of marijuana . . . that the person charged with the offense:
>
> (a) Is a person who:
>
> *****
>
> (3) Possesses, delivers, or produces marijuana only in the amount described in paragraph (b) of subsection 3 of NRS 453A.200 **or in excess of that amount if the person proves by a preponderance of the evidence that the greater amount is medically necessary** as determined by the person's attending physician . . . .

Nev. Rev. Stat. Ann § 453A.310 (emphasis added).

By the clear language of the statute, Plaintiff's parents were not exempt from prosecution by virtue of having a "physician's exemption" to grow an excess number of marijuana plants. Such exemption is only relevant as an affirmative defense *after* criminal charges are brought and the exemption is proven applicable by a preponderance of evidence. Accordingly, the omission of this information was not material to an initial finding of probable cause. *See Sinclair v. City of Grandview*, 973 F. Supp. 2d 1234, 1251 (E.D. Wash. 2013) (holding that the existence of a medical marijuana permit as an affirmative defense was immaterial to a finding of probable cause for a search warrant); *see also Rocha v. County of Tulare, Cal.*, 627 Fed. Appx. 623, 624 (9th Cir. 2015) ("Without more, Rocha's allegation that defendants knew he possessed a medical marijuana recommendation does not negate probable cause . . . .").

Nonetheless, Plaintiff also alleges that Defendant Grimmett "falsely stated that Plaintiff's parent's cultivation of medical marijuana was 'in excess of Nevada law.'" (*Id.* ¶ 22). On this point, the Complaint appears to contradict itself. Plaintiff simultaneously alleges that his parents were not cultivating medical marijuana in excess of Nevada law, and yet asserts that issuance of the search warrant was improper because "Plaintiff's parents had been granted a physician's exemption to grow an excess number of medical marijuana plants." (*Id.*). As alleged, the fact that Plaintiff's parents had an *exemption* to grow an excess number of plants would not render Defendant Grimmett's statement false. Accordingly, the Court finds that Plaintiff has failed to plausibly allege a judicial deception claim.

    *c) Illegal Search of Plaintiff's Residence*

Plaintiff alleges that after obtaining the illegal search warrant, "Defendants and each of them illegally searched Plaintiff's residence in violation of [his] Fourth Amendment rights. (*Id.*

¶ 23). This allegation is premised on the invalidity of the search warrant and therefore fails for the same reasons as detailed above.

### d) Illegal Seizure of Plaintiff's Person

Plaintiff alleges that "[he] was illegally seized by all of the Defendants because [he] was held inside the residence by the Defendants, and each of them, while the Defendants displayed their firearms and weapons." (*Id.* ¶ 24). According to Plaintiff, "[a]ny reasonable person who is detained by an armed law enforcement officer would not reasonably believe that they were free to leave." (*Id.*).

"[A] person has been 'seized' within the meaning of the Fourth Amendment only if, in view of all of the circumstances surrounding the incident, a reasonable person would have believed that he was not free to leave." *United States v. Mendenhall*, 446 U.S. 544, 554 (1980). The Supreme Court has noted that "because it is well known that most officers are armed, the presence of a holstered firearm is unlikely to be coercive absent active brandishing of the weapon." *United States v. Drayton*, 536 U.S. 194, 195 (2002).

Drawing reasonable inferences in favor of Plaintiff, the allegation that Defendants "displayed" their firearms is sufficient to support a theory that Defendants seized Plaintiff. However, this is not the end of the analysis. In order for a seizure to violate the Fourth Amendment, it must also be unreasonable. *Skinner*, 489 U.S. at 613. Here, the unreasonableness of the seizure is tied to Plaintiff's other insufficiently pled theories. On its own, the Complaint only alleges that Plaintiff was "illegally seized" by being held in his residence. This conclusory fact alone is inadequate to state a plausible claim for illegal seizure. Based on the foregoing, the Court finds that Plaintiff has failed to state a claim for unlawful search and seizure and grants dismissal on this claim.

### 2. Monell Violation Under 42 U.S.C. § 1983

Plaintiff alleges that "LVMPD has *de facto* policies to ignore Nevada's medical marijuana statutes and violate the constitutional rights of medical marijuana patients and their family members." (Compl. ¶ 24).

To bring a claim for the deprivation of a constitutional right by a local governmental entity, Plaintiff must establish that the alleged violation was attributable to the enforcement of a municipal custom or policy. *Monell v. Dep't of Soc. Servs*, 436 U.S. 658, 690 (1978) ("Local governing bodies, therefore, can be sued directly under § 1983 for monetary, declaratory, or injunctive relief where . . . the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers"). Thus, to survive a motion to dismiss, Plaintiff must have asserted facts making each of the following elements plausible: (1) that he possessed a constitutional right of which he was deprived; (2) that the municipality had a policy; (3) that this policy 'amounts to deliberate indifference' to the [P]laintiff's constitutional right; and (4) that the policy is the 'moving force behind the constitutional violation. *See Oviatt By & Through Waugh v. Pearce*, 954 F.2d 1470, 1474 (9th Cir. 1992).

Defendants argue that Plaintiff's *Monell* claim fails because the allegations in the Complaint are "both conclusory and contrary to the law." (Mot. to Dismiss 14:28–15:2). In the Ninth Circuit, "a claim of municipal liability under [section] 1983 is sufficient to withstand a motion to dismiss even if the claim is based on nothing more than a bare allegation that the individual officers' conduct conformed to official policy, custom, or practice." *AE ex rel. Hernandez v. Cnty. of Tulare*, 666 F.3d 631, 636 (9th Cir. 2012) (citation omitted).

Plaintiff's Complaint alleges that Defendants' unconstitutional actions occurred pursuant to LVMPD's customs, policies, practices, and procedures. (Compl. ¶ 29). Accordingly, under controlling Ninth Circuit law, Plaintiff's Complaint sufficiently alleges the requisite official policy. However, as Plaintiff has failed to establish a violation of constitutional rights under his

first cause of action, this element is likewise absent here.  For this reason, the Court grants dismissal on this claim.[2]

### 3. Leave to Amend

Rule 15(a)(2) of the Federal Rules of Civil Procedure permits courts to "freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2).  The Ninth Circuit "ha[s] held that in dismissing for failure to state a claim under Rule 12(b)(6), 'a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts.'" *Lopez v. Smith,* 203 F.3d 1122, 1127 (9th Cir. 2000) (quoting *Doe v. United States,* 58 F.3d 494, 497 (9th Cir. 1995)).

The Court finds that Plaintiff may be able to plead additional facts to support both causes of action in the Complaint.  Accordingly, the Court will grant Plaintiff leave to file an amended complaint.[3]  Plaintiff shall file his amended complaint within twenty-one days of the date of this Order if he can allege sufficient facts that plausibly establish his claims against Defendants.  Failure to file an amended complaint by this date shall result in the Court dismissing this action.

### 4. Request to Strike Impertinent Material

Defendant Dockendorf moves to strike impertinent material from the Complaint pursuant to Federal Rule of Civil Procedure 12(f). (Mot. to Dismiss 12:1–4).  Specifically, Defendant Dockendorf moves to strike the portion of paragraph 8 stating: "As an LVMPD lieutenant, Defendant Dockendorf has a history of concocting ill conceived schemes that have resulted in the violations of citizens' civil rights." (*See* Compl. ¶ 8).  In response, Plaintiff

---

[2] Defendants also request dismissal of Plaintiff's prayer for punitive damages.  Punitive damages are a remedy and not an independent claim. *See Douglas v. Miller*, 864 F. Supp. 2d 1205, 1220 (W.D. Okla. 2012).  Therefore, punitive damages are not properly subject to a motion to dismiss under 12(b)(6).

[3] As the Court is granting leave to amend, the Court finds it premature to rule on Defendants' qualified immunity argument.

argues that the language is "relevant to his Monell claim and Dockendorf's liability." (Pl.'s Response 15:11–12, ECF No. 16).

Under Rule 12(f), a "court may strike from a pleading . . . any redundant, immaterial, impertinent, or scandalous matter." *Righthaven LLC v. Democratic Underground, LLC*, 791 F. Supp. 2d 968, 977 (D. Nev. 2011).  Here, Plaintiff's statement is too vague and conclusory to be material to any issue in the Complaint.  Accordingly, the Court grants the request to strike the language from the Complaint.

## IV. CONCLUSION

**IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss, (ECF No. 13), is **GRANTED in part and DENIED in part.**

**IT IS FURTHER ORDERED** that Plaintiff's claims are **DISMISSED without prejudice**.  Plaintiff shall have twenty-one days from the filing of this Order to file an amended complaint.  Failure to file an amended complaint by this date shall result in the Court dismissing this action.

**DATED** this __29__ day of March, 2017.

_____
Gloria M. Navarro, Chief Judge
United States District Judge